STATE OF NORTH CAROLINA v. CASWELL GATES ELLIOTT

No. 8017SC287

(Filed 7 October 1980)

Constitutional Law § 40— waiver of assigned counsel — subsequent affidavit of indigency — finding of nonindigency — appearance at arraignment without counsel — necessity for inquiry into indigency

Where a defendant charged with sale and delivery of PCP executed a written waiver of assigned counsel before a district court judge, defendant thereafter filed an affidavit of indigency and request for appointed counsel, a superior court judge found that defendant was not an indigent, and defendant appeared at his arraignment and trial three weeks later without counsel, the trial court was required by G.S. 15A-942 to inquire at the arraignment into the question of defendant's indigency at that time, and defendant is entitled to a new trial by reason of the court's failure to make such inquiry.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 19 October 1979 in Superior Court, CASWELL County. Heard in the Court of Appeals 9 September 1980.

Defendant was arrested on 28 March 1979 and charged with two counts of possession of controlled substances, and with sale

and delivery of Phencyclidine (PCP). On the same day, defendant appeared before District Court Judge Peter McHugh and executed a written waiver of assigned counsel. On 18 April 1979 defendant appeared for his probable cause hearing with retained counsel. His retained counsel moved for withdrawal on 20 August 1979, stating that he had been unable to work out a financial arrangement with the defendant. The trial court granted the motion. Defendant's case came on for trial during the week of 26 September 1979. On that date defendant filed an affidavit of indigency with the court requesting appointed counsel. Superior Court Judge James Long found that defendant was not an indigent and continued the trial until the 15 October 1979 session.

Defendant appeared for arraignment and trial on 17 October 1979 without counsel. Upon arraignment, defendant entered a plea of not guilty to the charge of sale and delivery of PCP. He was tried before a jury without counsel. Defendant offered no objections during presentation of the state's case and offered no evidence on his own behalf. He did briefly question the state's witnesses.

The jury returned a verdict of guilty of sale and delivery of PCP. The court entered a judgment of imprisonment for a term of not less than 10 years nor more than 10 years. Defendant appeals to this Court.

*Attorney General Edmisten, by Associate Attorney Sarah C. Young, for the State.*

*George B. Daniel, for defendant appellant.*

WHICHARD, Judge.

Defendant presents, as his sole assignment of error, the denial of his right to be represented by court appointed counsel at his trial for sale and delivery of PCP. The record indicates that on the day of defendant's trial, during arraignment on other charges, the trial court stated that defendant had appeared before the court at the prior session in September and been denied the right of court appointed counsel because he was found able to hire his own counsel. The defendant acknowledged that to be correct. The court then said, "[s]ince that time you have had full opportunity to hire a lawyer if you wanted to, is that right?" The defendant responded that he had tried with-

out success to borrow the money to hire a lawyer. The court then asked if defendant understood that he had a right to represent himself, and defendant answered that he did. When the court further inquired if defendant desired to represent himself, defendant replied:

> I don't think that I am capable of representing myself, there are a lot of technicalities that I don't know and as far as me being guilty of the possession, yes, but of sale, no. I am guilty of possession for a reason, not for a profit, but for some other reason.

The court then said that Judge Long had found defendant able to hire his own lawyer and he had not done so, and that defendant had signed a waiver of counsel. Defendant acknowledged that the court was correct. The court then asked other routine questions and proceeded to arraign and try the defendant without counsel on the sale and delivery charge.

G.S. 15A-942 provides:

> If the defendant appears *at the arraignment* without counsel, the court must inform the defendant of his right to counsel, must accord the defendant opportunity to exercise that right, and must take any action necessary to effectuate the right. (Emphasis supplied.)

The North Carolina Supreme Court in *State v. Sanders*, 294 N.C. 337, 240 S.E.2d 788 (1978) held that the defendant there was entitled to a new trial because of the trial court's failure to comply with the mandates of this statute, stating that "the statute made it the duty of the trial judge, *when defendant appeared at the arraignment without counsel,* to inquire into his indigency irrespective of any request by defendant." *Sanders,* 294 N.C. at 344, 240 S.E.2d at 792. (Emphasis in original.) In *Sanders,* as here, the trial court had denied defendant's request for counsel by order pre-dating by several weeks the defendant's arraignment. The Supreme Court, however, viewed the issue as being not whether the defendant was indigent at the time the prior order was entered, but whether he was indigent on the day he was arraigned and tried without counsel. The Court noted that this question could not be answered because the trial judge failed at the time of arraignment "to make the inquiries *directed* by G.S. 15A-942." *Sanders* at 345, 240 S.E.2d at 792. (Emphasis supplied.)

---

State v. Elliott

---

The decision in *Sanders* is dispositive of this appeal. The record here does not indicate that the trial court at any time during the arraignment proceedings made inquiry into the question of defendant's indigency or non-indigency at that time. This it was required to do by G.S. 15A-942 as interpreted and applied in the *Sanders* decision.

The opinion in *Sanders* does not indicate whether or not the defendant there executed a waiver of his right to assigned counsel. Assuming, *arguendo*, that he did not, the only factual basis for conceivably distinguishing this case from *Sanders* is that here the defendant had signed a waiver of his right to assigned counsel on 28 March 1979. In view of subsequent developments, however, defendant's waiver *did not remove the duty of the trial court to make the inquiry of indigency at the time of arraignment*. This Court stated in *State v. Watson*, 21 N.C. App. 374, 379, 204 S.E.2d 537, 540-541 (1974):

> The waiver in writing once given was good and sufficient until the proceeding finally terminated, unless the defendant himself makes known to the court that he desires to withdraw the waiver and have counsel assigned to him. The burden of showing the change in the desire of the defendant for counsel rests upon the defendant.

Here, by filing an affidavit of indigency some six months subsequent to executing the waiver, defendant clearly carried this burden of informing the court of his desire to withdraw the waiver and have counsel appointed to represent him.

Moreover, the trial court's determination that defendant was not indigent some three weeks before arraignment cannot reasonably be determinative of his capacity to retain counsel at the time of arraignment. Supervening events could well have rendered defendant's financial status very different on 17 October 1979 from what it was on 26 September 1979. It appears from defendant's affidavit of indigency that loss of employment alone could have altered his status from non-indigent to indigent. Without the required inquiry by the trial court at the time of arraignment, however, this Court has no means to determine whether defendant's financial status at that critical juncture merited the appointment of counsel.

The defendant must therefore have a new trial at which his entitlement to appointed counsel should be determined at the time of arraignment.

New trial.

Judges HEDRICK and HILL concur.