STATE OF NORTH CAROLINA v. JAMES ALBERT McCROWRE

No. 345A84

(Filed 4 December 1984)

**1. Constitutional Law § 49— right to counsel—discharge of appointed counsel—no waiver of right**

The court erred by permitting defendant to go to trial without the assistance of counsel where defendant had indicated that he was dissatisfied with his appointed counsel and wished to hire a private attorney, defendant obtained a continuance so that he could work out a payment plan with an attorney, and defendant appeared for trial without an attorney and requested that the court appoint counsel. Defendant had stated that he wanted to discharge his assigned counsel, but there is no evidence that he ever intended to proceed without the assistance of counsel.

**2. Constitutional Law § 45— right to appear pro se—required inquiry**

Where a defendant clearly indicates that he wishes to proceed *pro se*, the court is required to make inquiry to determine whether defendant has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled; understands and appreciates the consequences of his decision; and comprehends the nature of the charges and proceedings and the range of permissible punishments. G.S. 15A-1242.

ON appeal by defendant from judgment entered by *Bailey, J.*, at the 23 January 1984 session of Superior Court, CUMBERLAND County. Heard in the Supreme Court 12 November 1984.

Defendant was charged in an indictment proper in form with breaking and entering a dwelling with intent to commit larceny, robbery with a dangerous weapon, larceny, and rape. At a trial during which defendant appeared pro se, the jury found defendant guilty of felonious breaking or entering, felonious larceny, armed robbery, and rape in the first degree.

Evidence presented by the state tended to show the following: On 15 August 1983, Kelly Jo Bloomingdale was sunbathing in her front yard. When she heard doors closing, Ms. Bloomingdale went into her house to investigate. Inside she was confronted by the defendant, who brandished a screwdriver. Defendant put a towel over Ms. Bloomingdale's head and led her around the house, telling her that he wanted money. He took twelve dollars from Ms. Bloomingdale and then took her to the bathroom of the house. While in the bathroom, defendant removed Ms. Bloomingdale's pants and proceeded to rape her. As this was happening, Deputy

Kenneth Williams of the Cumberland County Sheriff's Department, who had been called to the house by a neighbor who saw a man break into the Bloomingdale house, came to the bathroom door, identified himself, and demanded entry. Defendant dived out of the bathroom window and ran from the house. Defendant was apprehended nearby.

Defendant testified on his own behalf and denied breaking into Ms. Bloomingdale's house and raping her.

*Rufus L. Edmisten, Attorney General, by Michael Rivers Morgan, Assistant Attorney General, for the state.*

*John G. Britt, Jr., Assistant Public Defender, Twelfth Judicial District, for defendant.*

MARTIN, Justice.

[1] Defendant's first assignment of error is that the trial court erred by denying him assistance of counsel. The record shows that defendant was arrested on 15 August 1983. On 17 August 1983, the District Court of Cumberland County determined that defendant was indigent and the Public Defender was appointed to represent him. Defendant appeared for arraignment on 3 January 1984, but his appointed counsel was not present. After the call of the calendar, defendant told the court that he was not satisfied with his appointed counsel and that he wished to hire his own private attorney. The court asked defendant whether he had the money to do that, and defendant replied, "Yes, I think I can arrange that." Mr. Ed Brady, an attorney, then stepped forward and stated that defendant had talked with him that morning although he was not prepared to make a general appearance for defendant during arraignment. After further questioning of defendant, the court permitted defendant to sign a form captioned: "WAIVER OF RIGHT TO ASSIGNED COUNSEL." Defendant was then arraigned and pleaded not guilty to all charges brought against him.

On 16 January 1984, defendant's case was called for trial. Defendant appeared without an attorney and requested that his case be continued. Defendant stated that he had been unable to retain counsel because he had not been released from jail until 23 December 1983 and had just gotten a job "last week." Defendant

also stated that he intended to talk with Mr. Brady that day to work out a payment plan for Mr. Brady's representation of him. The court continued defendant's case until 23 January 1984.

On 23 January 1984 defendant appeared for trial without an attorney. Before the jury was brought in, defendant stated to the trial judge:

> MR. MCCROWRE: I want the Court to know that I am ready for trial. Due to the fact that I know I am not going to be able to handle some of my matters and things that an at- torney would know, I do not know that part but I'm ready for trial and I would ask the Court to please get someone to as- sist me in this case?
>
> COURT: Speak a little louder please?
>
> MR. MCCROWRE: I would like for the court to get some- one to assist me in my case.

The court then stated that defendant had waived his right to have appointed counsel and therefore the court would not appoint counsel in his case. Later, during the trial, the issue was raised again. At that time the trial judge stated, "You know as well as I do that you waived your right to counsel." Defendant was tried without the assistance of counsel. This was error.

The record clearly indicates that when defendant signed the waiver of his right to assigned counsel he did so with the expecta- tion of being able to privately retain counsel. Before Judge Battle, the defendant stated that he wanted to discharge Mr. Britt, his assigned counsel, and employ his own lawyer. There is no evi- dence that defendant ever intended to proceed to trial without the assistance of some counsel.

> Statements of a desire not to be represented by court- appointed counsel do not amount to expressions of an in- tention to represent oneself. . . . At most, defendant's statements amounted to an expression of the desire that his court-appointed lawyers be replaced. Given the fundamental nature of the right to counsel, we ought not to indulge in the presumption that it has been waived by anything less than an express indication of such an intention.

*State v. Hutchins*, 303 N.C. 321, 339, 279 S.E. 2d 788, 800 (1981) (citations omitted).

> [T]he waiver of counsel, like the waiver of all constitutional rights, must be knowing and voluntary, and the record must show that the defendant was literate and competent, that he understood the consequences of his waiver, and that, in waiving his right, he was voluntarily exercising his own free will. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed. 2d 562.

*State v. Thacker*, 301 N.C. 348, 354, 271 S.E. 2d 252, 256 (1980). The trial judge mistakenly believed that defendant had waived his right to *all* counsel at arraignment.

[2] Had defendant clearly indicated that he wished to proceed pro se, the trial court was required to make inquiry to determine whether defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242 (1983); *State v. Gerald*, 304 N.C. 511, 284 S.E. 2d 312 (1981). Such was not done in the present case and it was therefore error to permit defendant to go to trial without the assistance of counsel. U.S. Const. amend. VI; *Gideon v. Wainwright*, 372 U.S. 335, 9 L.Ed. 2d 799 (1963). For this reason, defendant is entitled to a new trial. As the other assignments of error are not likely to reoccur, we do not deem it necessary to discuss them.

New trial.