STATE OF NORTH CAROLINA v. WILLIAM J. GRAHAM

No. 8416SC1298

(Filed 3 September 1985)

**Constitutional Law § 49— waiver of assigned counsel to retain counsel—appearance without counsel—required inquiries**

The trial court erred in requiring defendant to proceed to trial *pro se* in the absence of (1) further inquiry into the reasons for defendant's lack of

counsel and (2) the inquiries required by G.S. 15A-1242 (1983) where defendant initially requested and received court-appointed counsel; defendant then discharged appointed counsel with the expectation of retaining private counsel and signed a written waiver of assigned counsel; defendant appeared for trial without counsel; when asked if he was "willing to go without an attorney," defendant stated that he "would like to have one"; and defendant stated that he "ran into a little problem" in obtaining his own attorney.

APPEAL by defendant from *Barnette, Judge.* Judgment entered 9 February 1984 in Superior Court, SCOTLAND County. Heard in the Court of Appeals 29 August 1985.

Defendant appeals from a judgment of imprisonment entered upon his conviction of felonious breaking or entering and larceny.

*Attorney General Thornburg, by Assistant Attorney General John R. Corne, for the State.*

*W. Phillip McRae for defendant appellant.*

WHICHARD, Judge.

Defendant contends the court erred in denying him court-appointed counsel or additional time in which to secure retained counsel. We find *State v. McCrowre,* 312 N.C. 478, 322 S.E. 2d 775 (1984), controlling. Pursuant thereto, we hold that in the absence of (1) further inquiry into the reason(s) for defendant's lack of counsel and (2) the inquiries required by N.C. Gen. Stat. Sec. 15A-1242 (1983), it was error to require defendant to proceed to trial *pro se.*

The pertinent facts are as follows:

Defendant initially requested and received court-appointed counsel. On 1 June 1983, by written motion, he indicated a desire to retain his own counsel and petitioned the court to relieve appointed counsel of further responsibility. He further requested a continuance to allow him to retain private counsel.

Judge Walker (H.H.) granted the motion, relieved appointed counsel of further responsibility, and continued the case until the August 1983 Session "for the defendant to have an opportunity to retain private counsel." Defendant, apparently simultaneously, executed a sworn waiver of right to assigned counsel.

Defendant was not tried until 9 February 1984. Upon the call of the case the court asked the prosecuting attorney and the defendant if they were ready for trial. Both responded in the affirmative. The following dialogue then occurred:

THE COURT: I see you do not have an attorney. You willing to go without an attorney?

DEFENDANT GRAHAM: Well, I would like to have one.

THE COURT: As I understand it you were going to get your own lawyer; is that correct?

DEFENDANT GRAHAM: Yes, sir.

THE COURT: What happened to that?

DEFENDANT GRAHAM: Ran into a little problem.

. . . .

THE COURT: Mr. Graham, I understand it, you were appointed an attorney at one time; is that correct?

DEFENDANT GRAHAM: Yes, sir.

. . . .

THE COURT: As I understand it, as well, you were dissatisfied with his representation of you?

DEFENDANT GRAHAM: Yes, sir.

THE COURT: You asked that he not represent you; is that correct?

DEFENDANT GRAHAM: Yes, sir.

THE COURT: And then you were told—I assume you were told that you could do that, but then you would have to get your own lawyer?

DEFENDANT GRAHAM: That's what I was told.

THE COURT: All right. Mr. Graham, you understand that you are not entitled to an appointed attorney; . . . that you are not entitled to pick your own attorney, you go with the attorney we select for you, or you don't go at all; understand that?

DEFENDANT GRAHAM: Yes, sir.

THE COURT: I assume you were told that before; weren't you, that you can go out and hire whoever you want to, but you don't get an appointed one?

As a result of that, you signed a waiver to a Court-appointed lawyer; you told the Court that you were going to get your own?

DEFENDANT GRAH[A]M: Yeah, I signed a waiver.

THE COURT: Now, you don't have an attorney?

DEFENDANT GRAHAM: No, sir.

THE COURT: Well, the Court's position on this is that the Court will not appoint you another attorney, so your choice was to go it alone or hire your own. So, you're going it alone?

I think the case was continued at the last session, was that not correct, Mr. Carter [prosecuting attorney], so he could get his own lawyer?

MR. CARTER: Yes, sir, Your Honor.

Your Honor, I would like the Court to notice that this is an '82 case, also, so he's had plenty of time to hire a lawyer.

THE COURT: Let the record show the Court would find that his waiver still stands, under the circumstances.

So, I guess you will be trying this yourself.

Okay. Bring the Jury back. Be ready for trial?

MR. CARTER: Yes, sir, Your Honor.

THE COURT: You ready for trial, Mr. Graham?

DEFENDANT GRAHAM: (Nods head.)

THE COURT: All right.

The right to counsel is one of the most closely guarded of all trial rights. *State v. Colbert*, 311 N.C. 283, 285, 316 S.E. 2d 79, 80 (1984). The right nevertheless implicitly gives a defendant the right to refuse counsel and conduct his or her own defense. *State v. Thacker*, 301 N.C. 348, 353-54, 271 S.E. 2d 252, 256 (1980), citing

*Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed. 2d 562 (1975). Such waiver, however, like that of all constitutional rights, must be knowing and voluntary, and the record must show that the defendant was literate and competent, understood the consequences of waiver, and was voluntarily exercising free will. *Id.*

Prior to arraignment defendant here signed a form designated "Waiver of Right to Assigned Counsel." The fact that an accused waives his right to assigned counsel does not mean that he waives all right to counsel, however. *State v. McCrowre,* 312 N.C. 478, 481, 322 S.E. 2d 775, 777 (1984). In *McCrowre,* as here, the defendant discharged assigned counsel with the expectation of retaining private counsel. He then appeared for trial without counsel and requested that the court "get someone to assist me in [my] case." *McCrowre* at 480, 322 S.E. 2d at 776. The court denied the request, stating that defendant had waived his right to counsel. In holding this error the Supreme Court reasoned that there was "no evidence that defendant ever intended to proceed to trial without the assistance of some counsel." *McCrowre* at 480, 322 S.E. 2d at 776-77. It added that "[s]tatements of a desire not to be represented by court-appointed counsel do not amount to expressions of an intention to represent oneself." *Id.,* 322 S.E. 2d at 777 [quoting *State v. Hutchins,* 303 N.C. 321, 339, 279 S.E. 2d 788, 800 (1981)]. It added further, citing N.C. Gen. Stat. Sec. 15A-1242 (1983), that

> [h]ad defendant clearly indicated that he wished to proceed *pro se,* the trial court was required to make inquiry to determine whether defendant:
>
> (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
>
> (2) Understands and appreciates the consequences of this decision; and
>
> (3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

*McCrowre* at 481, 322 S.E. 2d at 777, *see also State v. Michael,* 74 N.C. App. 118, 327 S.E. 2d 263 (1985).

The record here reveals no such inquiry. There is no evidence that defendant was informed of the nature of the charges

State v. Graham

and the range of permissible punishments or that he understood and appreciated the consequences of proceeding without counsel. Absent such evidence, the court should not have permitted him to proceed *pro se*. N.C. Gen. Stat. Sec. 15A-1242; *McCrowre, supra.*

Further, here, as in *McCrowre*, "there is no evidence that defendant ever intended to proceed to trial without the assistance of some counsel." *McCrowre* at 480, 322 S.E. 2d at 776-77. His statement that he "would like to have one" when asked if he was "willing to go without an attorney" indicates the contrary. The trial court here, like that in *McCrowre*, apparently "mistakenly believed that defendant had waived his right to *all* counsel," *McCrowre* at 481, 322 S.E. 2d at 777, by waiving his right to appointed counsel.

"Given the fundamental nature of the right to counsel, we ought not to indulge in the presumption that it has been waived by anything less than an express indication of such an intention." *State v. Hutchins*, 303 N.C. 321, 339, 279 S.E. 2d 788, 800 (1981). Defendant here expressly indicated the contrary by stating that he "would like to have" an attorney. The court failed to inquire further when defendant said he "[r]an into a little problem" in retaining private counsel, and the record contains no evidence as to the nature of the problem. We thus have no basis for concluding that defendant's failure to retain counsel was due to his own negligence or lack of diligence.

We believe *McCrowre* requires a new trial. Since defendant's other assignment of error relates to a matter unlikely to recur upon retrial, we do not discuss it.

New trial.

Judges WELLS and PHILLIPS concur.