STATE OF NORTH CAROLINA v. WILLIE ISAAC WHITE

No. 851SC617

(Filed 21 January 1986)

**Constitutional Law § 49 — defendant appearing pro se — no effective waiver of counsel**

　　　The trial court erred in permitting defendant to go to trial without the assistance of counsel where there was nothing in the record to indicate that defendant ever wished to go to trial without the assistance of some counsel; instead the record clearly tended to show that defendant signed the waiver of his right to assigned counsel with the expectation of being able to retain private counsel and that he only proceeded to trial *pro se* because he thought he had to based on what the trial judge had told him at arraignment and the fact that he had signed a waiver; defendant's initial retention of private counsel, his remarks at arraignment indicating that he wished to retain private

State v. White

counsel, and his request to confer with a certain attorney prior to the presentation of evidence should have alerted the court to defendant's lack of desire to proceed without the assistance of counsel; and even if defendant had clearly indicated that he desired to proceed *pro se* when the case was called for trial following the continuance to obtain private counsel, the trial court was required at that point to make the inquiry described in N.C.G.S. 15A-1242, which was not done in this case.

APPEAL by defendant from *Watts, Judge*. Judgment entered 13 February 1985 in PASQUOTANK County Superior Court. Heard in the Court of Appeals 29 October 1985.

Defendant, who appeared at trial *pro se*, was convicted of felonious possession of marijuana and misdemeanor possession of cocaine. From a judgment of imprisonment entered upon the convictions, he appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General David R. Minges, for the State.*

*Acting Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Geoffrey C. Mangum, for defendant.*

WELLS, Judge.

Defendant argues that the trial court failed to make the thorough inquiry required by N.C. Gen. Stat. § 15A-1242 (1983) prior to permitting him to proceed to trial without the assistance of counsel and therefore he cannot be deemed to have made a knowing and voluntary waiver of his constitutional right to counsel and must be granted a new trial.

The pertinent facts are as follows: At defendant's arraignment on 7 January 1985, defendant's privately retained counsel, Janice Cole, requested to be allowed to withdraw as counsel for defendant because she had not been paid her fee. The court granted her request. The following exchange between defendant and the court then occurred:

THE COURT: . . . Now, you are charged with a serious offense of felonious possession of marijuana. That is punishable by a maximum punishment of five years. You're also charged with misdemeanor possession of cocaine, which carries a two-year maximum punishment, for a total of seven years for the two charges combined. Do you understand that?

MR. WHITE: Yes, sir.

THE COURT: Do you understand what you are charged with? Do you understand the nature of the charges? You're not supposed to possess either marijuana or cocaine, do you understand that?

MR. WHITE: Yes, sir.

THE COURT: You've been sitting here all day near about and you've heard what I've said to other people. You have to make one of three choices. You can represent yourself, you can hire your own lawyer, but if you hire your own lawyer, you're going to have to do it between now and 9:30 tomorrow morning. Or, if you want me to appoint an attorney for you, — in other words, if you want a lawyer and you can't afford one, I will appoint one for you. Do you understand that?

MR. WHITE: Yes, sir.

. . .

MR. WHITE: Can I say something, your Honor? I just started to working. All I need is till around about February.

THE COURT: Well, all right. If you want to do that, I'll tell you how to do it. Then you would have to give up your right to court-appointed counsel today and sign a waiver saying you did not want court-appointed counsel. Now, if you're willing to do that, then you can hire your own lawyer and I'll continue your case until February without any problem or difficulty. I'll give you that much time. But come February, if you haven't hired Ms. Cole or whatever lawyer you want to hire, — and I recommend you hire her since she's familiar with the case. But whoever you want to hire, you better have them with you when you come in here in February, because if you don't, you'll have to come without any. You're going to be running on four flats then, I'll guarantee. So, is that what you want to do?

MR. WHITE: Yes, sir.

THE COURT: All right. Let him sign a waiver then. Do you understand you are giving up your right to court-appointed counsel?

MR. WHITE: Yes, sir.

Defendant then signed a form entitled "WAIVER OF RIGHT TO ASSIGNED COUNSEL" and the court continued the case until 11 February 1985.

When the case was called for trial, the court informed the potential jurors that defendant had waived his right to counsel and had elected to represent himself. There is no indication in the record that when the case was called for trial the court made any inquiry of defendant concerning his failure to retain counsel or his desire to proceed *pro se*. The parties proceeded with jury selection after which court recessed for the day. When court convened the next morning, defendant requested leave of the court for a few minutes in which to contact a local attorney, Glenn Austin. The request was allowed and attorney Austin was summoned to a conference room adjacent to the courtroom. After speaking with Austin for several minutes, defendant returned to the courtroom. The Court asked defendant whether he had the conversation with Austin which he had wanted to have and whether he was ready to proceed in his own behalf. Defendant responded affirmatively and the trial began with defendant proceeding without the assistance of counsel.

After the judgment against him was entered, defendant gave notice of appeal. When the trial judge stated that he would probably have to appoint the Appellate Defender to represent defendant on appeal, defendant asserted: "No. I got an attorney. He's in the State Legislature now. Frank Ballance. My sister got in contact with him last night. He said he would represent me." The court responded, "Well, you told me in January you were going to have a lawyer to represent you when you signed your waiver. . . ." The court then adjudicated defendant to be indigent and appointed the Office of the Appellate Defender to represent defendant on appeal, with leave to defendant to retain private counsel if he or his family so desired.

The Sixth Amendment of the Constitution of the United States as applied to the states through the Fourteenth Amendment guarantees an accused in a criminal case the right to the assistance of counsel for his defense. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963). "The right to counsel is one of the most closely guarded of all trial rights." *State v. Colbert*, 311 N.C. 283, 316 S.E. 2d 79 (1984). Implicit in the right to

counsel is the right of a defendant to refuse the assistance of counsel and conduct his own defense. *State v. Gerald*, 304 N.C. 511, 284 S.E. 2d 312 (1981), *citing Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed. 2d 562 (1975).

An accused's waiver of the right to counsel and decision to proceed *pro se* must be a voluntary relinquishment of a known right.

> [T]he waiver of counsel, like the waiver of all constitutional rights, must be knowing and voluntary, and the record must show that the defendant was literate and competent, that he understood the consequences of his waiver, and that, in waiving his right, he was voluntarily exercising his own free will. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed. 2d 562.

*State v. Thacker*, 301 N.C. 348, 271 S.E. 2d 252 (1980). *Cf. Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed. 2d 378 (1981) (right to counsel at custodial interrogation); *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed. 2d 359 (1981) (defendant's statement in psychiatric evaluation used against him). Such waiver may not be presumed from a silent record. *State v. Morris*, 275 N.C. 50, 165 S.E. 2d 245 (1969). Rather, as our Supreme Court stated in *State v. Hutchins*, 303 N.C. 321, 279 S.E. 2d 788 (1981): "Given the fundamental nature of the right to counsel, we ought not to indulge in the presumption that it has been waived by anything less than an express indication of such an intention." "Statements of a desire not to be represented by court-appointed counsel do not amount to expressions of an intention to represent oneself." *Id.* Thus, a defendant's waiver of his right to assigned counsel does not constitute a waiver of all right to counsel. *State v. McCrowre*, 312 N.C. 478, 322 S.E. 2d 775 (1984); *State v. Graham*, 76 N.C. App. 470, 333 S.E. 2d 547 (1985).

When a defendant clearly indicates that he wishes to proceed *pro se*, he may be permitted to do so only after the trial judge makes thorough inquiry and is satisfied that the defendant:

> (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

State v. White

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

G.S. § 15A-1242; *State v. McCrowre, supra.* The inquiry described in G.S. § 15A-1242 is mandatory in every case where the defendant requests to proceed *pro se. State v. McCrowre, supra.*

As in *State v. McCrowre, supra,* there is nothing in the record here which indicates that defendant ever wished to go to trial without the assistance of some counsel. Rather, all indication in the record is to the contrary. The record clearly tends to show that defendant signed the waiver of his right to assigned counsel with the expectation of being able to retain private counsel and that he only proceeded to trial *pro se* because he thought he had to based on what the trial judge had told him at arraignment and the fact he signed the above waiver. Defendant's initial retention of private counsel, his remarks at arraignment indicating that he wished to retain private counsel and his request to confer with attorney Austin prior to the presentation of evidence certainly should have alerted the court to defendant's lack of desire to proceed without the assistance of counsel.

Even if defendant had clearly indicated that he desired to proceed *pro se* when the case was called for trial on 11 February 1985, the trial court was required at that point to make the inquiry described in G.S. § 15A-1242. Such was not done in this case. We conclude that in the absence of (1) a clear indication by defendant that he wished to proceed *pro se* and (2) the inquiry required by G.S. § 15A-1242, it was error to permit defendant to go to trial without the assistance of counsel. Accordingly, we hold that defendant is entitled to a new trial.

New trial.

Judges ARNOLD and PARKER concur.