STATE OF NORTH CAROLINA v. THOMAS GORDON

No. 8526SC763

(Filed 4 March 1986)

**Constitutional Law § 46— discharge of appointed counsel—defendant required to proceed pro se—error**

In a prosecution for armed robbery in which defendant discharged his appointed counsel at an identification suppression hearing, the trial court erred by requiring defendant to proceed *pro se* without a clear indication that he desired to do so and without making the inquiries required by N.C.G.S. 15A-1242.

APPEAL by defendant from *Kirby, Judge.* Judgment entered 4 October 1984 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 10 December 1985.

Defendant appeals from a judgment of imprisonment entered upon his conviction of armed robbery.

*Attorney General Thornburg, by Assistant Attorney General Catherine McLamb, for the State.*

*Charles V. Bell for defendant appellant.*

WHICHARD, Judge.

Defendant contends the court erred in denying his motion for a continuance, forcing him to represent himself, and denying his motion to suppress identification testimony. The single issue presented is whether the court (Judge Hairston) erred in forcing or allowing defendant to proceed without counsel at the hearing on his motion to suppress identification testimony. We find *State v. McCrowre*, 312 N.C. 478, 322 S.E. 2d 775 (1984), and its progeny, controlling. Pursuant thereto, we hold that absent a clear indication by defendant that he desired to proceed *pro se*, and absent the inquiries required by N.C. Gen. Stat. 15A-1242 (1983), the court erred in requiring defendant to proceed *pro se* at the suppression hearing.

The pertinent facts are as follows:

Defendant's court-appointed counsel made a motion to withdraw on the ground that an atmosphere of mistrust had devel-

oped between him and defendant. At a hearing on the motion defendant testified that he was faced with the possibility of a substantial sentence, that his appointed counsel had shown no interest in his case, and that he would rather have an attorney he could depend on. He testified: "I would just like to have a lawyer I can pay that I feel comfortable. . . . I just had a dream of having a lawyer, paying for a lawyer. . . . All I want is just [to be] properly represented. I don't think you [appointed counsel] have it for me . . . . That's all I'm asking."

The prosecuting attorney inquired whether defendant had the money to hire a private attorney. Defendant replied that he did not, but that he was "working on" it. The court stated that defendant could not delay the prosecution while getting "funds to hire the best counsel." It noted that it thought a reasonable time had expired and that there was no indication that defendant could hire an attorney that day. It then stated: "The MOTION IS DENIED, with leave to the defendant to represent himself, if he is so of a mind to." It instructed defendant to advise the court if at any time he wished to assume his own representation rather than having his appointed attorney represent him.

When the appointed attorney asked if defendant had any response, defendant stated: "I represent myself." The court asked: "You prefer to represent yourself?" Defendant responded: "Yes, I would."

The court then advised defendant that it would ask the appointed attorney to sit with him so defendant could "consult him concerning legal, technical matters." Defendant responded: "I don't want him sitting with me." The court thereupon allowed the appointed attorney's motion to withdraw.

After allowing the motion to withdraw the court proceeded immediately with a hearing on the motion to suppress the identification testimony. Defendant stated to the court: "I don't know about my case. I don't know one side of anything. Anything that's been presented to me was presented to me within the last couple [of] days. . . . All of these things that he [appointed counsel] put before me, whatever he brought up he did not talk to me about these things. So, I don't know. . . . He hasn't expressed to me about nothing, nothing about my case[,] about me." The court responded: "You have elected at the last minute to come in

and represent yourself. And, this is a very difficult thing for you to do. But that's the only election that was left open to you, if you wanted to discharge [appointed counsel]."

The fact that an accused waives his right to assigned counsel does not mean that he waives all right to counsel. *State v. Mc-Crowre*, 312 N.C. 478, 481, 322 S.E. 2d 775, 777 (1984). *See also State v. White*, 78 N.C. App. 741, 338 S.E. 2d 614 (1986); *State v. Lyons*, 77 N.C. App. 565, 335 S.E. 2d 532 (1985); *State v. Graham*, 76 N.C. App. 470, 333 S.E. 2d 547 (1985); *State v. Michael*, 74 N.C. App. 118, 327 S.E. 2d 263 (1985). In *McCrowre*, as here, defendant discharged assigned counsel with the expectation of retaining private counsel. The trial court there denied defendant's request for "someone to assist" with his case. *McCrowre*, 312 N.C. at 480, 322 S.E. 2d at 776. In holding this error the Supreme Court reasoned that there was "no evidence that defendant ever intended to proceed to trial without the assistance of some counsel." *Mc-Crowre*, 312 N.C. at 480, 322 S.E. 2d at 776-77. It added that "[s]tatements of a desire not to be represented by court-appointed counsel do not amount to expressions of an intention to represent oneself." *Id.*, 322 S.E. 2d at 777 [quoting *State v. Hutchins*, 303 N.C. 321, 339, 279 S.E. 2d 788, 800 (1981)]. It added further, citing N.C. Gen. Stat. 15A-1242 (1983), that

> [h]ad defendant clearly indicated that he wished to proceed pro se, the trial court was required to make inquiry to determine whether defendant:
>
> > (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
> >
> > (2) Understands and appreciates the consequences of this decision; and
> >
> > (3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

*McCrowre*, 312 N.C. at 481, 322 S.E. 2d at 777; *see also Graham*, 76 N.C. App. at 474, 333 S.E. 2d at 549; *Michael*, 74 N.C. App. at 119, 327 S.E. 2d at 264-65.

The record here reveals no such inquiry. While there is some evidence that defendant understood that the charges were seri-

ous, there is no evidence that he was informed of the nature of the charges and the range of permissible punishments or that he understood and appreciated the consequences of proceeding without counsel. Absent such evidence, the court should not have permitted him to proceed *pro se*, N.C. Gen. Stat. 15A-1242; *McCrowre, supra.*

Further, here, as in *McCrowre*, "there is no evidence that defendant ever intended to proceed to trial without the assistance of some counsel." *McCrowre*, 312 N.C. at 480, 322 S.E. 2d at 776-77. His statements that he "would just like to have a lawyer that [he could] pay," that he "had a dream of having a lawyer, paying for a lawyer," and that he "just [wanted to be] properly represented" indicate the contrary. The trial court here, like the trial court in *McCrowre*, apparently "mistakenly believed that defendant had waived his right to *all* counsel," *McCrowre*, 312 N.C. at 481, 322 S.E. 2d at 777, by waiving his right to appointed counsel.

"Given the fundamental nature of the right to counsel, we ought not to indulge in the presumption that it has been waived by anything less than an express indication of such an intention." *State v. Hutchins*, 303 N.C. 321, 339, 279 S.E. 2d 788, 800 (1981). Defendant here expressly indicated the contrary by the statements set forth above. We find no merit in the State's argument that defendant has failed to show prejudice because the eyewitness identification was positive and the evidence did not indicate that the identification methods used were impermissibly suggestive. The suppression hearing was the critical stage for developing any weaknesses in the State's evidence, and without the assistance of counsel defendant was ill-equipped to perform that task. Defendant clearly informed the court that he knew nothing about his case. He also demonstrated his lack of understanding of the suppression hearing proceedings by asking the prosecuting attorney during the hearing, "What's going on?," and by stating that he thought there was going to be a jury trial and he wanted testimony in front of a jury.

Following *McCrowre*, we hold that the court erred in requiring defendant to proceed *pro se* at the suppression hearing without a clear indication that he desired to do so and without making the inquiries required by N.C. Gen. Stat. 15A-1242. Accordingly,

there must be a new trial. This disposition makes it unnecessary to pass upon the remaining arguments presented.

New trial.

Judges BECTON and PARKER concur.