An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-1063-2

Filed 6 August 2025

Wake County, Nos. 18 CRS 215678-910, 18 CRS 215679-910

STATE OF NORTH CAROLINA

v.

ERIC RAMOND CHAMBERS, Defendant.

Appeal by defendant from judgment entered 8 April 2022 by Judge Rebecca W. Holt in Wake County Superior Court. Heard in the Court of Appeals 10 January 2024. By opinion issued 20 February 2024, we vacated the judgment and remanded for a new trial based on our conclusion that our Supreme Court's decision in *State v. Bunning*, 346 N.C. 253 (1997), compelled us to conclude that Defendant's right to a properly constituted jury under our state constitution was violated when an alternate juror was allowed to replace a departing juror after deliberations had begun. *See State v. Chambers*, 292 N.C. App. 459 (2024). Based on our conclusion, we declined to address other issues raised by Defendant in that appeal. However, by opinion issued 23 May 2025, our Supreme Court reversed our decision and remanded the matter for our Court to consider Defendant's remaining arguments. *See State v. Chambers*, 915 S.E.2d 96 (N.C. 2025).

*Attorney General Joshua H. Stein, by Assistant Attorney General Caden W. Hayes, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Heidi Reiner, for defendant-appellant.*

PER CURIAM.

In his remaining arguments, Defendant contends the trial court failed to acknowledge his request to withdraw his waiver of counsel (as he had chosen to represent himself at trial) and to admit evidence that another person had confessed to the murder. We disagree.

Regarding his "request" to withdraw his waiver, Defendant points to a comment he made after jury selection that he needed a lawyer. We conclude his statement failed to meet a defendant's burden of clearly and directly informing the trial court of his desire to withdraw his waiver and for an appointed counsel. *See, e.g., State v. Hyatt*, 132 N.C. App. 697 (1999). The record, otherwise, shows that Defendant expressed that it was his "intention to continue representing [him]self."

Regarding the "confession" hearsay evidence, for the reasoning in the State's brief on appeal, we conclude the trial court did not commit reversible error in not allowing Defendant to present the evidence.

We conclude Defendant received a fair trial, free of reversible error.

NO ERROR.

Panel consisting of Chief Judge DILLON and Judges CARPENTER and

FREEMAN.

Report per Rule 30(e).