STATE OF NORTH CAROLINA v. WILLIAM LEWIS WALL

No. COA06-1011

(Filed 19 June 2007)

**Constitutional Law— prior waiver of counsel—failure to comply with requirements—defendant's assertion insufficient standing alone**

Defendant's assertion that the trial court did not comply with the requirements of N.C.G.S. § 15A-1242 in executing defendant's waivers of counsel was not sufficient to rebut the presumption of validity of prior waivers where the assertion stood alone.

Appeal by defendant from judgments entered 15 March 2006 by Judge Kimberly S. Taylor in Richmond County Superior Court. Heard in the Court of Appeals 21 May 2007.

*Attorney General Roy Cooper, by Special Deputy Attorney General Sharon Patrick-Wilson, for the State.*

*Susan J. Hall for defendant-appellant.*

STEELMAN, Judge.

When the defendant's own assertion is the sole evidence of record that the trial court did not comply with the requirements of N.C. Gen. Stat. § 15A-1242 in executing defendant's waivers of counsel, this standing alone is insufficient to rebut the presumption of validity of prior waivers under *State v. Kinlock*, 152 N.C. App. 84, 566 S.E.2d 738 (2002).

William Lewis Wall ("defendant") was charged with misdemeanor disorderly conduct and communicating threats on 4 March 2005. Defendant executed a written waiver of counsel on 24 March 2005, before District Court Judge Joseph Williams, and waived his right to assigned counsel. On 9 June 2005, Attorney Eddgett-Meacham made a limited appearance in district court and defendant was found guilty on both counts. The trial court sentenced defendant to thirty days, suspended the sentence, and placed defendant on unsupervised probation for twenty-four months. Defendant appealed to the superior court for a trial *de novo*.

On 13 February 2006, defendant executed a second written waiver form, before Superior Court Judge Mark A. Klass, and waived his "right to all assistance of counsel which includes my right to assigned counsel[.]" Defendant's case came on before Judge Kimberly Taylor on 13 March 2006. After a colloquy, defendant proceeded to trial *pro se*. A jury found defendant guilty of disorderly conduct and communicating threats. Judge Taylor sentenced defendant to 120 days in the Department of Correction for the conviction of communicating threats. For the disorderly conduct conviction, Judge Taylor sentenced defendant to sixty days at the expiration of the communicating threat sentence. Both sentences were suspended and defendant was placed on supervised probation. Defendant gave oral notice of appeal, and then requested that his sentences be activated. Judge Taylor held that the matter would be held open until the next day.

Defendant was brought back before Judge Taylor, who asked defendant whether he wanted to appeal his convictions, given his request that the sentences be activated. Defendant informed the trial court that he wanted to appeal his case and that he wanted an attorney for his appeal. Defendant then stated that neither Judge Taylor

**STATE v. WALL**

[184 N.C. App. 280 (2007)]

nor Judge Klass informed him of the "possible jail sentence . . . the charges would carry." Defendant appeals.

In defendant's sole argument on appeal, he contends the trial court erred in allowing him to represent himself without establishing that his waiver of counsel was knowing, voluntary, and intelligent as required by N.C. Gen. Stat. § 15A-1242. Defendant specifically argues that the trial court did not make an inquiry to satisfy itself that defendant comprehended "the range of permissible punishments" as required by subsection (3).

N.C. Gen. Stat. § 15A-1242 provides:

A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242 (2005).

"The provisions of N.C. Gen. Stat. § 15A-1242 are mandatory where the defendant requests to proceed *pro se*. The execution of a written waiver is no substitute for compliance by the trial court with the statute." *State v. Evans*, 153 N.C. App. 313, 315, 569 S.E.2d 673, 675 (2002) (citations omitted). When a claim is made relating to the adequacy of the foregoing statutory inquiry, "the critical issue is whether the statutorily required information has been communicated in such a manner that defendant's decision to represent himself is knowing and voluntary." *State v. Carter*, 338 N.C. 569, 583, 451 S.E.2d 157, 164 (1994). The inquiry detailed in N.C. Gen. Stat. § 15A-1242 has been deemed sufficient to meet the constitutional standards in determining "whether the defendant knowingly, intelligently, and voluntarily waives the right to in-court representation by counsel." *State v. Thomas*, 331 N.C. 671, 674, 417 S.E.2d 473, 476 (1992).

Where the inquiry required by N.C. Gen. Stat. § 15A-1242 has been made during a preliminary proceeding by a different judge, it is not

necessary for the trial judge to repeat the statutory inquiry. *Kinlock*, 152 N.C. App. at 89, 566 S.E.2d at 741 (citations omitted). "A thorough inquiry into the three substantive elements of the statute, conducted at a preliminary stage of a proceeding, meets the requirements of N.C.G.S. § 15A-1242 even if it is conducted by a judge other than the judge who presides at the subsequent trial." *Id.* Furthermore, there is a presumption of regularity accorded the official acts of public officers, such that "[w]hen a defendant executes a written waiver which is in turn certified by the trial court, the waiver of counsel will be presumed to have been knowing, intelligent, and voluntary, unless the rest of the record indicates otherwise." *Id.*, 152 N.C. App. at 89-90, 566 S.E.2d at 741 (citations and quotations omitted). ·

Following his waiver of counsel and conviction in district court, defendant appealed to the superior court, where he again executed a waiver of all counsel. The written waiver contained a certification by Judge Klass and an acknowledgment by defendant, that he:

> [was] fully informed in open court of the charges against [him], the nature of and the statutory punishment for each charge, and the nature of the proceedings against [him] and [his] right to have counsel assigned by the court and [his] right to have the assistance of counsel to represent [him] in this action; that [he] comprehend[ed] the nature of the charges and proceedings and the range of punishments; that [he] understood and appreciated the consequences of [his] decision and that [he] . . . voluntarily, knowingly and intelligently elected in open court to be tried . . . without the assistance of counsel[.]

On 13 March 2006, the cases were called for trial before Judge Taylor, who had the following discussion with defendant about representation:

> THE COURT: I'll note for the record that Mr. Wall is pleading not guilty. I assume that's correct, Mr. Wall?
>
> THE DEFENDANT: That's correct.
>
> THE COURT: He had been previously advised about his rights to counsel, and apparently has signed a waiver of assistance of all counsel on February 13 of 2006 before Judge Mark Klass. That continues to be your wish, Mr. Wall, that you represent yourself?
>
> THE DEFENDANT: I'd rather have—Excuse my voice, Your Honor. My voice is kind of gone. I'd rather have an attorney to

represent me, but there's no attorney here that would represent me, that I would like to have represent me. They don't represent me to the full of their abilities. So I would like nothing more than to have an attorney to represent me in my case—but represent me. That's what I wanted. And I want—You know, that's what I want. But I can't get that. That's the reason why my not having—me representing myself. That is the full reason as to that. I had an attorney on a case—on this same case. And he didn't represent me. Me and him was going back and forth, you know, during the duration of this case, you know. So I just ended up telling the Judge—you know, I had to release him because he wasn't representing me. He wasn't letting me know what was going on, he wasn't telling me nothing. He wasn't, you know, letting me know what's—He wasn't even telling me nothing about nothing. I didn't know nothing about nothing until the day of court, date of trial. I didn't know nothing. And now—

·THE COURT: Let me stop you for a minute, Mr. Wall. All I really wanted to talk about right now is your right to counsel. You have previously come into court back in February and told the Judge then that you wanted to represent yourself; is that correct?

THE DEFENDANT: That's correct.

THE COURT: All right. And though you say that you want representation of counsel, you said that you don't feel any of the attorneys would represent you adequately?

THE DEFENDANT: Yes, ma'am.

THE COURT: So today you still want to represent yourself; is that correct?

THE DEFENDANT: In light of what I just said, yes, ma'am.

THE COURT: All right, sir. I just wanted to make sure that was still your position in the case. I would note for the record that Mr. Wall is present in court, and he has confirmed that he wishes to represent himself in these matters.

Here, the record indicates that defendant executed written waivers of counsel on 13 February 2006 and on 24 March 2005. At trial, Judge Taylor questioned the defendant about whether he still wished to represent himself. This inquiry was not intended to be a full counsel inquiry as provided in N.C. Gen. Stat. § 15A-1242, but rather

to confirm defendant's prior waiver of counsel to make sure defendant had not changed his mind about wanting counsel. The above-cited colloquy between Judge Taylor and defendant in no way invalidated defendant's prior waiver of counsel on 24 March 2005 and 13 February 2006. The result of the colloquy was that defendant confirmed to the court that he wished to proceed *pro se* in these cases.

The record on appeal in this matter contains no transcript of the proceedings of the earlier two waivers. The only evidence before this Court that a thorough and proper counsel inquiry was.made is defendant's statement in the record, following his conviction, that Judge Taylor and Judge Klass failed to advise him of the "possible jail sentence . . . the charges would carry." Defendant's statement in no manner challenges the validity of his waiver of counsel before Judge Williams. We hold that defendant's assertion alone is insufficient to rebut the presumption of validity of the waivers under *Kinlock*, and that defendant's waivers of counsel before Judges Klass and Williams were knowing, intelligent and voluntary.

AFFIRMED.

Chief Judge MARTIN and Judge STEPHENS concur.