STATE OF NORTH CAROLINA
v.
NATHAN LAMAR RANDOLPH
No. COA08-1138
Court of Appeals of North Carolina.
Filed August 18, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Amanda P. Little, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender David W. Andrews, for defendant-appellant.
STEELMAN, Judge.
When the statutory requirements set forth in N.C. Gen. Stat. § 15A-1242 were not complied with, it was error for the trial court to allow a criminal defendant to proceed to trial without counsel.

I. Factual and Procedural Background
On 16 October 2006, defendant was indicted for the crime of possession with intent to sell or deliver a controlled substance within 300 feet of a playground, and for having attained the status of being an habitual felon. On 11 December 2006, the trial court determined that defendant was indigent and appointed attorney Norma Laughton (Laughton) to represent defendant. On 14 March 2007, defendant appeared before Judge Grant and advised the trial court that he did not want Laughton to represent him and wanted to hire his own attorney. Defendant told the trial court: "I haven't hired no lawyer. I'm going to get to that tomorrow morning . . . ." Judge Grant allowed Laughton to withdraw as counsel and advised the defendant that: "We're not going to appoint somebody else." He then directed: "Let him sign a waiver indicating that he either wants to represent himself or he wants to hire a lawyer."[1]
On 10 April 2007, defendant appeared before Judge Duke, without counsel. Defendant advised the trial court that he made $6.25 per hour, and the attorneys he had spoken with quoted fees of $10,000-$12,000, with a $3,500 up-front retainer. Defendant requested more time to obtain an attorney. Judge Duke continued the matter until 30 April 2007.
On 1 May 2007, defendant appeared before Judge Hinton, again without counsel. He advised the trial court that he only had $800 of the $3,500 retainer, and that he had previously "fired" his court-appointed attorney. Judge Hinton told defendant: "You understand that it's either the plea offer or  you may either plead guilty as charged, accept the plea offer that is made by them, or go forward to trial?" Defendant proceeded to trial, pro se. On the second day of trial, defendant did not appear for court. An order for arrest was issued, and he was tried in absentia. Defendant was found guilty of both charges. Sentencing with deferred until defendant could be brought to court.
On 21 February 2008, defendant appeared before Judge Griffin and was appointed counsel for the sentencing hearing. On 28 February 2008, Judge Griffin denied defendant's motion to set aside his convictions and for a new trial. Defendant stipulated to being a prior record level III for felony sentencing purposes and was sentenced to an active term of 116-149 months.
Defendant appeals.

II. Right to Counsel
In his only argument on appeal, defendant contends that the trial court erred in depriving him of his right to counsel and forcing him to represent himself without a voluntary, intelligent and knowing waiver of counsel. We agree.
The Sixth Amendment of the United States Constitution and Article I, Section 23 of the North Carolina Constitution guarantee a criminal defendant the right to counsel. These same provisions also ensure that a defendant has the right to represent himself. See Faretta v. California, 422 U.S. 806, 45 L. Ed. 2d 562 (1975); State v. Mems, 281 N.C. 658, 190 S.E.2d 164 (1972).
N.C. Gen. Stat. § 15A-1242 sets forth the procedures, which the trial court must follow before it allows a criminal defendant to proceed to trial without counsel:
A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
(2) Understands and appreciates the consequences of this decision; and
(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.
N.C. Gen. Stat. § 15A-1242 (2007) (emphasis added). The execution of a written waiver of defendant's right to all counsel creates a presumption that these statutory requirements have been complied with and that the waiver was knowing, intelligent and voluntary. State v. Quick, 179 N.C. App. 647, 649, 634 S.E.2d 915, 917 (2006) (citations omitted); see also State v. Wall, 184 N.C. App. 280, 283, 645 S.E.2d 829, 831-32 (2007) (quoting State v. Kinlock, 152 N.C. App. 84, 89-90, 566 S.E.2d 738, 741 (2002), aff'd, 357 N.C. 48, 577 S.E.2d 620 (2003)). However, in this case, we do not have the waiver executed to defendant before Judge Grant in the record. Therefore, no presumption can arise, and we look to the transcripts of the hearings to determine whether the requirements of N.C. Gen. Stat. § 15A-1242 were complied with. The transcripts of the three hearings before Judges Grant, Duke, and Hinton are totally devoid of any inquiry meeting any of the requirements of N.C. Gen. Stat. § 15A-1242. In the absence of such an inquiry, it was error to compel defendant to proceed with his criminal trial, pro se.
We are well aware of the difficulties faced by the trial bench in dealing with defendants who do not hesitate to attempt to delay their case from coming to trial. These tactics can include seeking to discharge court-appointed counsel and requesting self-representation only to ask for counsel at the time of trial.
In the instant case, defendant was found to be indigent and was appointed counsel. When defendant requested the discharge of his appointed counsel and to be allowed to hire his own counsel, the trial court should have deferred ruling on this until defendant procured new counsel who made an appearance in the case.
Because defendant had previously been found to be indigent, it was foreseeable that he would have difficulty obtaining the funds necessary to procure private counsel for such serious offenses. By deferring the discharge of appointed counsel until defendant had actually hired counsel, this situation could have been avoided.
The judgment in this matter is vacated, and it is remanded for a new trial.
VACATED and REMANDED.
Chief Judge MARTIN and Judge CALABRIA concur.
Report per Rule 30(e).
NOTES
[1] State and defendant stipulate on appeal that the waiver of counsel form executed by defendant before Judge Grant cannot be located.