An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1016

Filed: 1 September 2015

Nash County, No. 12 CRS 55249

STATE OF NORTH CAROLINA,

      v.

CARLTON WASHINGTON TOMLINSON, Defendant.

Appeal by defendant from judgment entered 19 March 2014 by Judge Quentin T. Sumner in Nash County Superior Court. Heard in the Court of Appeals 5 February 2015.

> *Attorney General Roy Cooper, by Assistant Attorney General Kathleen N. Bolton, for the State.*

> *Appellate Defender Staples Hughes, by Assistant Appellate Defender James R. Grant, for defendant-appellant.*

GEER, Judge.

Defendant Carlton Washington Tomlinson appeals from a judgment imposing a suspended sentence for misdemeanor possession of drug paraphernalia. On appeal, defendant primarily argues that he is entitled to a new trial because the superior court allowed him to proceed pro se even though it had not complied with the mandatory inquiry in N.C. Gen. Stat. § 15A-1242 (2013) to determine whether defendant's waiver of his right to assistance of counsel was knowing, intelligent, and

voluntary. However, because defendant executed a written waiver of all right to counsel at a prior hearing in the same proceedings, which was certified by the presiding judge as having been adequately made, and defendant has not shown that this prior waiver was inadequately made or that he withdrew that waiver, the prior waiver was effective throughout his proceedings, and the superior court did not need to repeat the inquiry set out in N.C. Gen. Stat. § 15A-1242. We, therefore, find no error.

Facts

The State's evidence tended to show the following facts. On 11 October 2012, defendant was living with his wife at 2500 Goldrock Road in Rocky Mount, North Carolina when Nash County Deputy Sheriff Raymond Carl Nicholls served defendant with a notice of eviction. Although Deputy Nicholls told defendant to vacate by 22 October 2012, defendant responded that he would not.

On 24 October 2012, Deputy Nicholls, accompanied by eight to 10 other officers, went to defendant's residence to evict him. After defendant answered the door, Deputy Nicholls stepped inside and told defendant he was not under arrest but was being evicted, and he placed defendant in handcuffs. Officers conducted a sweep of the house looking for other occupants, and one of the officers, Investigator Chris Cary, noticed an "overwhelm[ing] . . . strong odor of marijuana" after walking into the house. Investigator Cary also noticed a partially smoked marijuana blunt in an

ashtray in the master bedroom. Defendant admitted to ownership of those items and anything else found in the house.

After leaving, Investigator Cary got a search warrant for the house. In executing the search, he seized the partially smoked blunt he had observed earlier along with blunt wrapping paper, a cigar, a loaded handgun, a bullet, a $2 bill, two glass smoking pipes, smoke screens for pipes, and digital scales which were found in the master bedroom. In another bedroom, Investigator Cary seized 2.2 grams of marijuana. Investigator Cary also seized two more partially smoked marijuana blunts and a marijuana grinder, which were found in the living room, in addition to two more sets of digital scales from the kitchen.

That same day, an arrest warrant was issued for defendant charging him with misdemeanor unlawful possession of one-half ounce or less of marijuana. The arrest warrant also charged that "the defendant named above unlawfully and willfully did and knowingly possess with intent to use drug paraphernalia, DIGITAL SCALES to repackage a controlled substance which it would be unlawful to possess" in violation of N.C. Gen. Stat. § 90-113.22(a).

On 29 November 2012, defendant appeared before Judge William G. Stewart in Nash County District Court and signed a "WAIVER OF COUNSEL" stating: "I waive my right to all assistance of counsel which includes my right to assigned counsel and my right to the assistance of counsel. In all respects, I desire to appear

in my own behalf, which I understand I have the right to do." Judge Stewart in turn certified that defendant

> has been fully informed in open court of the charges against [him], the nature of and the statutory punishment for each charge, and the nature of the proceeding against the defendant and [his] right to have counsel assigned by the court and [his] right to have the assistance of counsel to represent [him] in this action; that the defendant comprehends the nature of the charges and proceedings and the range of punishments; that [he] understands and appreciates the consequences of [his] decision and that the defendant has voluntarily, knowingly and intelligently elected in open court to be tried in this action:
>
> . . . .
>
>  . . . without the assistance of counsel, which includes the right to assigned counsel and the right to assistance of counsel.

Defendant then requested the Nash County District Court to allow "TJ Al Malikei, Secretary of State of the Moorish Empire" to "be allowed to 'present' [defendant] in this case." Judge Joseph J. Harper, Jr. denied the motion on the basis that the person defendant requested "is not an attorney licensed or authorized to practice law in this state or any other state." The district court found defendant guilty of both charged offenses on 19 February 2013, and defendant appealed to Nash County Superior Court for a trial de novo.

At a pretrial hearing in superior court on 23 September 2013, Judge Quentin T. Sumner engaged in the following colloquy with defendant:

THE COURT: . . . [Y]ou don't have a lawyer. Do you plan on representing yourself?

MR. TOMLINSON: I will represent myself, yes.

THE COURT: Do you understand that you're charged with a Class III misdemeanor and a Class I misdemeanor, Class I misdemeanor is punishable by a maximum term of imprisonment of 120 days, Class III, 20-day max. Do you understand that, sir? And you do not want a lawyer, is that right?

MR. TOMLINSON: No, sir; I would represent myself.

THE COURT: Would you be so kind as to come over and sign a waiver of your right --

MR. TOMLINSON: Sure.

THE COURT: -- to a counsel for me, please, sir?

Following this colloquy, defendant signed another waiver indicating his desire to waive all rights to the assistance of counsel and to proceed pro se. Judge Sumner certified this waiver.

Defendant proceeded to represent himself. The State's evidence included testimony from Deputy Nicholls and Investigator Cary. Defendant presented no evidence. After a charge conference, the trial court instructed the jury on the misdemeanors of possession of less than one-half ounce of marijuana and possession of drug paraphernalia. The jury found defendant guilty of possession of drug paraphernalia but not guilty of possession of marijuana. Defendant was given a

suspended sentence of 120 days imprisonment and 18 months supervised probation. Defendant timely appealed to this Court.

I

Defendant first argues that the superior court erred when it found that he waived his right to assistance of all counsel and allowed him to proceed pro se. We review de novo a trial court's ruling permitting a defendant to waive counsel and proceed pro se. *State v. Watlington*, 216 N.C. App. 388, 394, 716 S.E.2d 671, 675 (2011).

"An accused's right to counsel in a criminal prosecution is guaranteed by both the North Carolina Constitution and the Sixth Amendment to the United States Constitution." *State v. Rogers*, 219 N.C. App. 296, 299-300, 725 S.E.2d 342, 345, *appeal dismissed and disc. review denied*, 366 N.C. 232, 731 S.E.2d 171 (2012), *cert. denied*, ___ U.S. ___, 185 L. Ed. 2d 595, 133 S. Ct. 1604 (2013). This right can be waived, but " '[a] defendant must first clearly and unequivocally waive his right to counsel, and elect to proceed pro se. Thereafter, the trial court must determine whether the defendant knowingly, intelligently and voluntarily waived his right to in-court representation by counsel.' " *State v. Jastrow*, ___ N.C. App. ___, ___, 764 S.E.2d 663, 668 (2014) (quoting *State v. Anderson*, 215 N.C. App. 169, 170, 721 S.E.2d 233, 234 (2011), *aff'd per curiam*, 365 N.C. 466, 722 S.E.2d 509 (2012)). Thus, " '[b]efore allowing a defendant to waive in-court representation by counsel . . . the

trial court must insure that constitutional and statutory standards are satisfied.' " *Id.* at ___, 764 S.E.2d at 668 (quoting *State v. Thomas*, 331 N.C. 671, 673, 417 S.E.2d 473, 475 (1992)).

The legislature has enacted N.C. Gen. Stat. § 15A-1242 which requires a trial court to inquire into the nature of a defendant's decision to waive his right to counsel before allowing him to proceed pro se:

> A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
>
> > (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
> >
> > (2) Understands and appreciates the consequences of this decision; and
> >
> > (3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

Our Supreme Court has held that "the inquiry required by N.C.G.S. § 15A-1242 satisfies constitutional requirements" for ensuring the waiver of the right to counsel is made "knowingly, intelligently, and voluntarily." *Thomas*, 331 N.C. at 674, 417 S.E.2d at 476.

Defendant contends that he did not waive his right to assistance of counsel because Judge Sumner's inquiry into defendant's waiver in superior court was

inadequate. Defendant points out that Judge Sumner only advised him as to the maximum sentences he would be facing for his charges. However, defendant does not suggest any inadequacies in his original waiver in district court of "all assistance of counsel."

"[T]here is a presumption of regularity accorded the official acts of public officers, such that '[w]hen a defendant executes a written waiver which is in turn certified by the trial court, the waiver of counsel will be presumed to have been knowing, intelligent, and voluntary, unless the rest of the record indicates otherwise.'" *State v. Wall*, 184 N.C. App. 280, 283, 645 S.E.2d 829, 831-32 (2007) (quoting *State v. Kinlock*, 152 N.C. App. 84, 89, 566 S.E.2d 738, 741 (2002), *aff'd per curiam*, 357 N.C. 48, 577 S.E.2d 620 (2003)). Further, this Court has held that "[o]nce given, a waiver of counsel is good and sufficient until the proceedings are terminated or until the defendant makes known to the court that he desires to withdraw the waiver and have counsel assigned to him." *State v. Hyatt*, 132 N.C. App. 697, 700, 513 S.E.2d 90, 93 (1999).

The State argues that *Wall* controls this case. In *Wall*, this Court addressed whether the trial court erred in allowing the defendant, who was charged with two misdemeanors, to represent himself. 184 N.C. App. at 281, 282, 645 S.E.2d at 830, 831. The defendant had executed a written waiver of counsel on 24 March 2005 in district court before Judge Joseph Williams and waived his right to assigned counsel.

*Id.* at 281, 645 S.E.2d at 830. On 9 June 2005, the defendant was found guilty of both misdemeanors, and he appealed that judgment to superior court for a trial de novo. *Id.*, 645 S.E.2d at 830-31.

In superior court on 13 February 2006, before Judge Mark A. Klass, defendant executed a second written waiver of his right to assistance of counsel and court-appointed counsel. *Id.* Judge Klass certified that the defendant " 'voluntarily, knowingly and intelligently elected in open court to be tried . . . without the assistance of counsel[.]' " *Id.* at 283, 645 S.E.2d at 832. Then, on 13 March 2006, after going through a colloquy in superior court before Judge Kimberly Taylor regarding whether the defendant wished to be assisted by counsel, the defendant was allowed to proceed pro se. *Id.* at 283-84, 645 S.E.2d at 832. A jury found him guilty of both misdemeanors. *Id.* at 281, 645 S.E.2d at 831. After being sentenced, the defendant stated to the trial court that "neither Judge Taylor nor Judge Klass informed him of the 'possible jail sentence . . . the charges would carry.' " *Id.* at 281-82, 645 S.E.2d at 831.

On appeal, the defendant in *Wall* argued that the trial court erred in allowing him to proceed pro se because the colloquy before Judge Taylor was insufficient under N.C. Gen. Stat. § 15A-1242, since "the trial court did not make an inquiry to satisfy itself that defendant comprehended 'the range of permissible punishments' as required by [N.C. Gen. Stat. § 15A-1242] subsection (3)." 184 N.C. App. at 282, 645

S.E.2d at 831. In rejecting the defendant's argument that he should not have been allowed to proceed pro se, this Court stressed: "Where the inquiry required by N.C. Gen. Stat. § 15A-1242 has been made during a preliminary proceeding by a different judge, it is not necessary for the trial judge to repeat the statutory inquiry." *Id.* at 282-83, 645 S.E.2d at 831. Rather, " '[a] thorough inquiry into the three substantive elements of the statute, conducted at a preliminary stage of a proceeding, meets the requirements of N.C.G.S. § 15A-1242 even if it is conducted by a judge other than the judge who presides at the subsequent trial.' " *Id.* at 283, 645 S.E.2d at 831 (quoting *Kinlock*, 152 N.C. App. at 89, 566 S.E.2d at 741).

Based on these principles, the Court noted that defendant had executed written waivers both in district court and in superior court prior to Judge Taylor's inquiry. *Id.* at 284, 645 S.E.2d at 832. Consequently, Judge Taylor's "inquiry was not intended to be a full counsel inquiry as provided in N.C. Gen. Stat. § 15A-1242, but rather to confirm defendant's prior waiver of counsel to make sure defendant had not changed his mind about wanting counsel." *Id.* at 284-85, 645 S.E.2d at 832-33. This Court held that Judge Taylor's colloquy with defendant "in no way invalidated defendant's prior waiver of counsel" in district court or in superior court. *Id.* at 285, 645 S.E.2d at 833. The colloquy simply "confirmed to the court that [the defendant] wished to proceed *pro se* in these cases." *Id.*

In addition, although the record contained no transcript to the waiver proceedings in district court or before Judge Klass in superior court, this Court concluded that the prior waivers were nonetheless sufficient since they were presumed valid. *Id.* "When the defendant's own assertion is the sole evidence of record that the trial court did not comply with the requirements of N.C. Gen. Stat. § 15A-1242 in executing defendant's waivers of counsel, this standing alone is insufficient to rebut the presumption of validity of prior waivers under [*Kinlock*]." *Id.* at 281, 645 S.E.2d at 830. The Court then held: "Defendant's statement [that he was not informed of the possible punishments for his charges] in no manner challenges the validity of his waiver of counsel before [the district court judge]. . . . [D]efendant's waivers of counsel before [the superior court and district court] were knowing, intelligent and voluntary." *Id.* at 285, 645 S.E.2d at 833.

The facts of this case are substantially similar to those in *Wall*. Here, in district court, like the defendant in *Wall*, defendant executed a written waiver of right to all assistance of counsel, which the district court judge certified as being voluntary, knowing, and intelligent. Also like the defendant in *Wall*, defendant in this case provided no transcripts of the hearing at which he executed the written waiver, and, contrary to *Wall*, defendant in this case did not even suggest below that his prior waiver in district court was inadequate.

We hold that defendant's written waiver certified by Judge Stewart was entitled to a presumption of correctness throughout all of defendant's proceedings, and defendant has failed to rebut this presumption. *See also State v. Adams*, 335 N.C. 401, 409, 439 S.E.2d 760, 764 (1994) ("[I]t is the *appellant* who has the burden in the first instance of demonstrating error from the record on appeal."). The legal significance of Judge Sumner's inquiry in superior court was, therefore, like Judge Taylor's inquiry in *Wall* simply "to make sure defendant had not changed his mind about wanting counsel." 184 N.C. App. at 285, 645 S.E.2d at 833.

Defendant nonetheless argues that he withdrew his written waiver by moving to allow "TJ Al Malikei . . . to 'present' him in this case[.]" To withdraw a waiver of counsel, "a criminal defendant must move or request the trial court to withdraw a previous waiver of counsel." *Hyatt*, 132 N.C. App. at 701, 513 S.E.2d at 93.

Defendant's motion to allow TJ Al Malikei to represent him was essentially a motion to allow defendant to choose his representation rather than have the court appoint representation for him. While "[a]n essential element of [the] right [of assistance of counsel] is the right to retain counsel of the accused's choice[,]" *Rogers*, 219 N.C. App. at 300, 725 S.E.2d at 345, this right " 'is circumscribed in [that] . . . [r]egardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court[,]' " *State v. Phillips*, 152 N.C. App. 679, 683, 568 S.E.2d 300, 303 (2002) (quoting *Wheat v. United States*, 486 U.S.

153, 159, 100 L. Ed. 2d 140, 148-49, 108 S. Ct. 1692, 1697 (1988)). Here, the reason the district court denied defendant's motion was because "TJ Al Malikei" was not authorized to practice law in any United States jurisdiction. Defendant does not contest this finding, and there is nothing in the record to the contrary. Because defendant's motion did not ask for appointed counsel, let alone the ability to retain counsel admitted to practice in North Carolina, the motion was consistent with defendant's waiver of his right to the assistance of counsel made before Judge Stewart. It, therefore, could not be construed as a withdrawal of that waiver. Accordingly, we hold that Judge Sumner did not err in allowing defendant to proceed pro se.

II

Defendant next argues the trial court erred in instructing the jury on the crime of possession of drug paraphernalia. Those instructions read,

> First, that the Defendant possessed certain drug paraphernalia. Drug paraphernalia means all equipment, products and materials of any kind that are used to facilitate, or intended or designed to facilitate, violations of the <u>Controlled Substance Act</u>.
>
> Second, the Defendant did this knowingly. A person possesses drug paraphernalia knowingly when he is aware of -- when he is aware of its presence, and has either by himself or together with others both the power and intent to control the disposition or use of said paraphernalia.
>
> And Third, *that the Defendant did so with the intent to possess said drug paraphernalia in order to weigh a*

> *control* [sic] *substance* which would be unlawful to possess.
> Marijuana is a controlled substance in North Carolina that
> is unlawful to possess.
>
> If you find from the evidence beyond a reasonable
> doubt that on or about the alleged date the Defendant
> unlawfully and knowingly possessed certain drug
> paraphernalia in order to repackage a controlled -- I'm
> sorry, make that *in order to weigh a controlled substance*
> which would be unlawful to possess, then it would be your
> duty to return a verdict of guilty. If you do not so find or
> have a reasonable doubt as to one or more of these things,
> it would be your duty to return a verdict of not guilty.

(Emphasis added.) Defendant challenges the portions of the instruction requiring the jury to determine whether he intended to possess drug paraphernalia to weigh a controlled substance and mandating that the jury should find defendant guilty of possessing drug paraphernalia if he intended to use the scales to weigh a controlled substance.

As an initial matter, we note that defendant failed to object to the instructions a trial. Defendant contends that we should review his alleged errors for plain error, although the State contends that defendant's challenges to these instructions are not reviewable on appeal because defendant either waived or invited any error with respect to them.

"Absent objection, all instructional and evidentiary issues raised before this Court must be tested under the plain error analysis as a result of defense counsel's failure to preserve these issues at the trial court." *State v. Gainey*, 355 N.C. 73, 112,

558 S.E.2d 463, 487-88 (2002). Nonetheless, " 'a defendant who invites error . . . waive[s] his right to all appellate review concerning the invited error, including plain error review.' " *State v. Grullon*, ___ N.C. App. ___, ___, 770 S.E.2d 379, 382 (quoting *State v. Goodwin*, 190 N.C. App. 570, 574, 661 S.E.2d 46, 49 (2008)), *disc. review denied*, ___ N.C. ___, 772 S.E.2d 732 (2015).

At the charge conference, the prosecutor proposed amending the pattern jury instructions by replacing "repackaging" with "weighing." After making the requested change to the proposed instructions, the trial court confirmed that defendant had seen the correction and asked him, "Are you satisfied with that?" Defendant replied, "Yes, sir." As the transcript indicates that defendant expressed his satisfaction with the amended instructions on paraphernalia possession to which he now objects, defendant may not now be heard to complain on appeal. As our Supreme Court has held: " 'To the extent that defendant agreed with the trial court's manner of instruction, defendant has invited any alleged error, and he may not obtain relief from such error.' " *State v. Thompson*, 359 N.C. 77, 103, 604 S.E.2d 850, 869 (2004) (quoting *Gainey*, 355 N.C. at 110, 558 S.E.2d at 486).

Nonetheless, even if defendant's jury instruction arguments were properly before this Court, defendant has not shown error. Challenges to "the trial court's decisions regarding jury instructions are reviewed *de novo* by this Court." *State v. Osorio*, 196 N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009). First, defendant contends

that the use of "weigh" rather than "repackage" amounted to a failure to instruct on the essential elements of the offense of possession of paraphernalia. As this Court has stated,

> It is well settled that the trial court must instruct the jury on all substantial and essential issues of a case arising on the evidence presented at trial. It is equally well settled that the trial court is not required to give a requested instruction in the exact language of the request, so long as the instruction is given in substance.

*State v. Hedgecoe*, 106 N.C. App. 157, 162, 415 S.E.2d 777, 780 (1992) (internal citation omitted).

This Court has recognized that " 'the preferred method of jury instruction is the use of the approved guidelines of the North Carolina Pattern Jury Instructions.' " *State v. Boyd*, 214 N.C. App. 294, 304, 714 S.E.2d 466, 474 (2011) (quoting *State v. Tyson*, 195 N.C. App. 327, 335, 672 S.E.2d 700, 706 (2009)). Assuming the legal correctness of the pattern instruction, "[e]ven though [a] trial court's instructions [are] not precisely identical to the pattern jury instructions, [if] they [are] substantially so, . . . [a] defendant cannot show how the trial court's instruction prejudiced him." *State v. Brewington*, 352 N.C. 489, 523, 532 S.E.2d 496, 516 (2000).

N.C. Gen. Stat. § 90-113.22(a) (2013) makes it illegal for "any person to knowingly use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, package, repackage, store, contain, or conceal a

controlled substance which it would be unlawful to possess, or to inject, ingest, inhale, or otherwise introduce into the body a controlled substance which it would be unlawful to possess." N.C. Gen. Stat. § 90-113.21(a)(5) (2013) includes in its definition of "paraphernalia" "[s]cales and balances for weighing or measuring controlled substances[.]"

The pattern instruction reads as follows in pertinent part:

> [T]hat the defendant [possessed drug paraphernalia] with the intent to use said drug paraphernalia in order to (*name unlawful use; e.g., process*) a controlled substance which would be unlawful to possess. ((*Name substance*) is a controlled substance in North Carolina that is unlawful to possess.)
>
> If you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant unlawfully and knowingly [used] [possessed with intent to use] certain drug paraphernalia in order to (*name unlawful use; e.g., process*) a controlled substance which would be unlawful to possess, then it would be your duty to return a verdict of guilty.

N.C.P.I.--Crim. 260.95 (2013). There is no dispute that the requested pattern instruction is legally correct, nor is there any dispute that the evidence at trial supported the instruction on possession of drug paraphernalia.

The State contends that *State v. Spencer*, 192 N.C. App. 143, 664 S.E.2d 601 (2008), establishes that the jury instruction was proper. In *Spencer*, this Court considered whether a requested jury instruction for possession of drug paraphernalia substantially conformed to N.C.P.I.--Crim. 260.95. *Id.* at 151, 664 S.E.2d at 607. This

Court explained that "substantial conformity to N.C.P.I.--Crim. 260.95 allows the trial court to insert any of the provisions of either section 90-113.21 or section 90-113.22 . . . in the blank for *name unlawful use*." *Id.* at 151-52, 664 S.E.2d at 607. *Spencer* upheld an instruction where "[t]he trial court inserted 'smoke, buy or sell' in the blank . . . [b]ecause each of [those] acts . . . are prohibited by either the Controlled Substances Act or by N.C. Gen. Stat. § 90-113.22[.]" *Id.* at 152, 664 S.E.2d at 607.

The pattern instruction for possession of drug paraphernalia in *Spencer* is identical in all relevant parts to the pattern instruction for possession of drug paraphernalia here. *See* N.C.P.I.--Crim. 260.95 (2008). Additionally, N.C. Gen. Stat. § 90-113.22 has not changed in any way relevant to this case. "Weighing" a controlled substance is exactly the unlawful purpose which characterizes a scale as drug paraphernalia under N.C. Gen. Stat. § 99-113.21(a)(5). Thus, under *Spencer*, the trial court's use of "weigh" instead of "repackage" satisfied the requirement for properly instructing on the essential elements of the crime of possession of drug paraphernalia.

Defendant, however, contends that under *Hedgecoe* the jury should only have been instructed on the defendant's intent to use the alleged paraphernalia for one of the express purposes listed in N.C. Gen. Stat. § 90-113.22. *Hedgecoe*, however, addressed whether the evidence supported an instruction and conviction for possession of drug paraphernalia. *Hedgecoe* held that "the State must present

substantial evidence that defendant possessed the hypodermic syringe and needle found on him . . . with the intent to use the syringe *in connection with controlled substances*." 106 N.C. App. at 164, 415 S.E.2d at 781 (emphasis added). This Court reasoned that the State was not entitled to an instruction on possession of drug paraphernalia because the State only established that a hypodermic needle and syringe were found in defendant's possession, and "the mere possession of the needle and syringe fail[ed] to establish the crucial element of possession of drug paraphernalia with the accompanying intent necessary to establish a violation of our Controlled Substances Act." *Id.*

Because it is undisputed here that there was substantial evidence to support defendant's conviction for possession of drug paraphernalia, *Hedgecoe* does not inform our analysis. Further, while *Hedgecoe* held that evidence of intent to use an object in connection with a controlled substance must be presented to support an instruction on possession of drug paraphernalia, *Hedgecoe* did not hold that the trial court, in instructing the jury, may only quote from the list of impermissible uses in N.C. Gen. Stat. § 90-113.22 with respect to the element of intent. *Hedgecoe's* holding that the State must present evidence that a defendant intended to use an item "in connection with [a] controlled substance" does not conflict with *Spencer*, because both N.C. Gen. Stat. §§ 99-113.21 and 99-113.22 contain language specifying purposes for which paraphernalia may be used with controlled substances. 106 N.C. App. at 164, 415

S.E.2d at 781. We, therefore, hold, under *Spencer*, that the trial court properly instructed the jury on all essential elements of the crime of possession of drug paraphernalia.

III

Finally, defendant argues that the possession of drug paraphernalia instructions amounted to error because the substitution of "weigh" for "repackage" constituted a variance between the theory of guilt stated in the arrest warrant and the theory of guilt on which the jury was instructed. "[A trial court's] failure to instruct on the theory charged in the [charging instrument], in addition to its instructions on theories not charged, constitutes prejudicial error entitling defendant to a new trial on the charge . . . ." *State v. Taylor*, 301 N.C. 164, 171, 270 S.E.2d 409, 414 (1980).

The State contends that *State v. Shearin*, 170 N.C. App. 222, 612 S.E.2d 371 (2005), is controlling on this issue. In *Shearin*, this Court considered whether a jury instruction varied from the underlying theory in an indictment. *Id.* at 233, 612 S.E.2d at 380. The indictment stated that the defendant " 'unlawfully, willfully did knowingly possess with intent to use drug paraphernalia, SCALES FOR PACKAGING A CONTROLLED SUBSTANCE, which it would be unlawful to possess[.]' " *Id.*, 612 S.E.2d at 379-80. The jury instruction explained that the charge of possession of drug paraphernalia required that the defendant " 'did [knowingly

possess drug paraphernalia] with the intent to use said drug paraphernalia in order to possess a controlled substance which would be unlawful to possess[,]' " and that the defendant was guilty of the charge if he " 'unlawfully and knowingly possessed with intent to use certain drug paraphernalia in order to unlawfully use marijuana or cocaine, both being controlled substances which would be unlawful to possess.' " *Id.*, 612 S.E.2d at 380.

In rejecting the defendant's claim of a variance between the indictment and instruction in *Shearin*, this Court explained that "[t]he only substantial difference in the language of the indictment and the jury instruction is the description of the drug paraphernalia . . . . The underlying theory being presented to the jury is the same theory that supported the indictment for possession of drug paraphernalia. Contrary to what defendant appears to argue, 'packaging' as used in the indictment is not a different theory of guilt." *Id.*

This case is materially indistinguishable from *Shearin*. Here, defendant was charged with possessing alleged paraphernalia described as "DIGITAL SCALES to repackage a controlled substance." The jury was instructed that he possessed paraphernalia for the purpose of weighing it. As in *Shearin*, the only substantial difference between the indictment and the instruction was the description of the alleged paraphernalia, and, further, using a scale to "weigh" a controlled substance is reasonably seen as part and parcel with using it to "repackage" the substance. *See*

*State v. Miranda*, ___ N.C. App. ___, ___, 762 S.E.2d 349, 357 (2014) (holding digital scales and plastic bags in room with cocaine provided reasonable inference that paraphernalia was used to weigh and package cocaine). Therefore, "repackaging" as used in the indictment "is not a different theory of guilt." *Shearin*, 170 N.C. App. at 233, 612 S.E.2d at 380. We conclude that the jury instruction did not vary from the theory of guilt described in the arrest warrant.

NO ERROR.

Judges STEPHENS and DILLON concur.

Report per Rule 30(e).